**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                     **Plaintiff,**

vs.                                                     **1:24-CV-429**
                                                     **(MAD/DJS)**

**$25,002.05 seized from JPMorgan Chase Account ending in 9869, held in the name of Adejoke T. Olumodeji,** *et al.***,**

                     **Defendants.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**OFFICE OF THE UNITED**                 **ELIZABETH A. CONGER, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
Syracuse, New York 13261-7198
Attorneys for Plaintiff

**ADEJOKE T. OLUMODEJI**
1 Towne Center
Apt. 907
Cliffside Park, New Jersey 07010
Claimant *pro se*

**OLUWASEUN ADEKOYA**
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211
Claimant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

On March 27, 2024, the United States filed a verified compliant for forfeiture *in rem* for forfeiture of the Defendant Properties as proceeds of offenses in violation of Title 18, United States Code, Sections 1344 and 1349 (conspiracy to commit bank fraud) pursuant to Title 18,

United States Code, Section 981(a)(1)(C), and as property involved in offenses in violation of Title 18, United States Code, Sections 1956 and 1957 (money laundering) pursuant to Title 18, United States Code, Section 981(a)(1)(A). *See* Dkt. No. 1. On April 10, 2024, the Government filed an amended verified complaint including an additional basis for forfeiture pursuant to Title 18, United States Code, Section 984(a)(1)(A). *See* Dkt. No. 6-1.

On April 19, 2024, the Government filed a certificate of service of the amended complaint showing that it had mailed copies of the amended verified complaint for forfeiture *in rem*, the verified complaint for forfeiture *in rem*, the warrant for arrest of articles *in rem*, the notice of potential claimant, and the Individual Rules and Practices of the Hon. Mae A. D'Agostino to Claimant Adekoya at his place of incarceration at the Albany County Correctional Facility, and to his attorney in the related criminal matter, Scott W. Iseman. *See* Dkt. No. 7. The certificate of service further showed that the Government mailed the same items to Claimant Olumodeji at her last known address. *See id.*

On April 29, 2024, Claimant Olumodeji filed a letter on the docket indicating that she had received notice and requesting an extension of 60 days after the expiration of the original 35-day deadline to file a claim. *See* Dkt. No. 10. Magistrate Judge Stewart issued a text order on May 8, 2024, extending Claimant Olumodeji's deadline to file a response to the complaint to June 28, 2024.

On July 24, 2024, the Government applied for entry of default by the Clerk of the Court, which was entered on the following day. *See* Dkt. Nos. 14 & 15. On July 29, 2024, the Government filed its motion for default judgment. *See* Dkt. No. 16. As part of the mailing, the Government included a copy of the notice on the docket dated July 29, 2024, setting the motion response hearing deadline for August 19, 2024. The certificate of service filed on July 29, 2024,

states that the motion papers were mailed to Claimant Adekoya at his place of incarceration and to his attorney, and to Claimant Olumodeji at her last known address. *See* Dkt. No. 17.

On July 31, 2024, the Court issued a text notice setting the response deadline as August 12, 2024. The text notice further directed the Government to serve potential claimants with a copy of the text notice, along with all motion papers. The Government's certificate of service dated July 31, 2024, indicates that the Government served the text notice and motion papers as directed on the Claimants. *See* Dkt. No. 18. No claim was filed, timely or otherwise, by the Claimants, or any other party.

On September 27, 2024, the Court issued the final order of forfeiture, forfeiting the Defendant Properties to the United States, and ordering the entry of a judgment of default. *See* Dkt. No. 19. Judgment of default was entered that same day. *See* Dkt. No. 20.

Currently before the Court's is the Claimants' October 9, 2024, motion to set aside default judgment. *See* Dkt. No. 21.

## II. DISCUSSION

A.  **Standard of Review**[1]

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

---

[1] In their motion, the Claimants cite to Rule 55(c) of the Federal Rules of Civil Procedure, which provides that "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Since a final default judgment has been entered in this case, the Claimants' motion must be considered under the standards applicable to motions made pursuant to Rule 60(b). *See United States v. Starling*, 76 F.4th 92, 98 (2d Cir. 2023) (holding that "if final judgment has already been entered, the delinquent party must attack the judgment under the exacting standards of Rule 60(b) by showing, among other things, excusable neglect").

>diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In general, "a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citation omitted). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quotation omitted).

### 1. Rule 60(b)(1)[2]

Rule 60(b)(1) provides for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In deciding whether relief under Rule 60(b)(1) is warranted, the Second Circuit has identified "four non-exclusive equitable factors that 'determin[e] what sorts of neglect will be considered "excusable."'" *William v. City of New York*, 727 Fed. Appx. 30, 31 (2d Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Those four factors are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* (citation omitted). Of these four considerations, the Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is the reason for the delay. *See In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005).

---

[2] In their motion, Claimants have not alleged any facts or arguments indicating that they are entitled to relief under Rule 60(b)(2) (the existence of newly discovered evidence), Rule 60(b)(4) (the judgment is void), or Rule 60(b)(5) (the judgment has been satisfied, released, or discharged). Accordingly, the Court will only consider whether relief is warranted under the remaining sections of Rule 60(b).

4

In their motion, the Claimants allege that their "failure to file a responsive pleading was not willful" but that it "resulted from excusable neglect, misunderstanding, and miscommunication." Dkt. No. 21 at 3. The Claimants further allege that "[c]ircumstances were outside of [their] control and were not intended to delay or evade or circumvent the legal process." *Id.* In his affidavit, Claimant Adekoya reiterates that his failure to respond was "not willful" but instead "resulted from excusable neglect, misunderstanding, and miscommunication." *Id.* at 6. Claimant Adekoya also states that he was "not aware of the default judgment entered against [him] on August 12, 2024, until August 26, 2024." *Id.*

As the Government correctly notes, the Claimants' assertions are neither fully explained nor substantiated by any evidence – they are simply conclusory recitations of various factors considered in motions under Rules 55(c) and 60(b). For example, the Claimants contend that they delay was caused by "miscommunication;" they fail, however, to explain what was alleged to have been miscommunicated or who is alleged to have done the miscommunicating. *See* Dkt. No. 21 at 3. Moreover, the Claimants simply conclude that their reasons for failing to timely respond to the motion for default judgment resulted from excusable neglect with explaining why or how their neglect was excusable. *See id.* Further, while Claimant Adekoya contends that the circumstances for the failure to respond were out of his control, he fails to explain what those circumstances were. *See id.* at 6. Moreover, the Claimants failed to provide any indication that they misunderstood the motion papers, or failed to understand that they were required to respond. Finally, Claimant Adekoya acknowledges that he became aware of the default judgment entered on August 26, 2024, yet he waited until October 9, 2024, to file the present motion, and offers no explanation for this additional delay.

Since the Claimants have failed to provide any substantive information explaining the

5

nature of the excusable neglect, misunderstanding, or miscommunication, they fail to meet the burden of a party seeking relief under Rule 60(b)(1).

### 2. *Rule 60(b)(3)*

Rule 60(b)(3) provides for relief from a judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, a movant must show, among other things, "'that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quotation and other citations omitted).

Here, the Claimants allege in an entirely conclusory manner that the Government "seized the items maliciously after finding no evidence of criminality." Dkt. No. 21 at 4. The Claimants further state that the Government "had no warrant to seize property during the execution of the warrant on December 12, 2023" and that there was no link between any of the items identified for forfeiture and "any criminal activity." *Id.*

These conclusory allegations of misconduct are insufficient to warrant relief under Rule 60(b)(3). Nothing about this alleged misconduct by the Government prevented the Claimants from fully and fairly presenting their case. Rather, the information required to file a claim (or oppose the entry of default judgment) was and remains in the Claimants' possession.

Moreover, contrary to the Claimants' assertions, the funds in the accounts were seized pursuant to a seizure warrant issued by a magistrate judge in the Northern District of New York, while the other items were seized pursuant to the terms of the search warrant, also issued by a magistrate judge. The Claimants' arguments that the Government's allegations in the amended verified complaint are "conclusory" and that the Defendant Properties' connection to criminal

activity "unsubstantiated" are baseless. Here, the Government pleaded 136 detailed paragraphs outlining the conspiracy to commit bank fraud, and the laundering of the proceeds of that fraud. *See* Dkt. No. 6-1. The Claimants, however, have provided no such proof of their allegations of Government misconduct. The Government's allegations of the illicit origins of the Defendant Properties are further substantiated by the fact that Claimant Adekoya and his co-conspirators were indicted in *United States v. Adekoya, et al.*, No. 23-cr-491 (N.D.N.Y.), for offenses in violation of 18 U.S.C. §§ 1349, 1344 (bank fraud conspiracy) and 18 U.S.C. § 1956(h) (money laundering conspiracy) – the very offenses underlying the civil forfeiture action.

Based on the foregoing, the Court finds that the Claimants have failed to meet their burden for relief under Rule 60(b)(3).

### 3. Rule 60(b)(6)

Rule 60(b)(6) provides for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Stevens*, 676 F.3d at 67 ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief"). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. *See Buck v. Davis*, 580 U.S. 100, 123 (2017). These circumstances may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

Moreover, relief under Rule 60(b)(6) is only available "when the other grounds for relief specified in Rules 60(b)(1)-(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533

7

(2022). "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens*, 676 F.3d at 67-68 (citation omitted).

In their motion, the Claimants repeatedly cite to "excusable neglect, misunderstanding, and miscommunication" as the reasons behind their failure to respond to the motion for default judgment. Therefore, they are clearly seeking the type of relief provided by Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," thereby precluding relief under Rule 60(b)(6). *Stevens*, 676 F.3d at 67-68. Regardless, as discussed above, the Claimants' bald assertions in their motion do not demonstrate extraordinary circumstances warranting relief.

Accordingly, the Claimants' motion to vacate the judgment is denied.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that the Claimants' motion to vacate the default judgment (Dkt. No. 21) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 22, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge