UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                               **Plaintiff,**

  vs.                                                1:24-CV-429
                                                              (MAD/DJS)

**$25,002.05 seized from JPMorgan Chase Account ending in 9869, held in the name of Adejoke T. Olumodeji, *et al.*,**

                                 **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>100 South Clinton Street<br>Syracuse, New York 13261-7198<br>Attorney for Plaintiff | ELIZABETH A. CONGER, AUSA |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James T. Foley U.S. Courthouse<br>445 Broadway, Room 218<br>Albany, New York 12207-2924<br>Attorneys for Plaintiff | JOSHUA R. ROSENTHAL, AUSA<br>NICHOLAS C.E. WALTER, AUSA |
| **ADEJOKE T. OLUMODEJI**<br>Cliffside Park, New Jersey<br>Claimant, *pro se* | |
| **OLUWASEUN ADEKOYA**<br>Montgomery County Jail 200 Clark Drive<br>P.O. Box 432<br>Fultonville, New York 12072<br>Claimant, *pro se* | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

1

# I. BACKGROUND

On March 27, 2024, the United States filed a verified compliant for forfeiture *in rem* for the Defendant Properties as proceeds of offenses in violation of Title 18, United States Code, Sections 1344 and 1349 (conspiracy to commit bank fraud) pursuant to Title 18, United States Code, Section 981(a)(1)(C), and as property involved in offenses in violation of Title 18, United States Code, Sections 1956 and 1957 (money laundering) pursuant to Title 18, United States Code, Section 981(a)(1)(A). *See* Dkt. No. 1. On April 10, 2024, the Government filed an amended verified complaint including an additional basis for forfeiture pursuant to Title 18, United States Code, Section 984(a)(1)(A). *See* Dkt. No. 6-1.

On April 19, 2024, the Government filed a certificate of service of the amended complaint showing that it had mailed copies of the amended verified complaint for forfeiture *in rem*, the verified complaint for forfeiture *in rem*, the warrant for arrest of articles *in rem*, the notice of potential claimant, and the Individual Rules and Practices of the Hon. Mae A. D'Agostino to Claimant Oluwaseun Adekoya at his place of incarceration, which, at that time, was the Albany County Correctional Facility, and to his attorney, at the time, in the related criminal matter, Scott W. Iseman. *See* Dkt. No. 7. The certificate of service also showed that the Government mailed the same items to Claimant Adejoke Olumodeji at her last known address. *See id.*

On April 29, 2024, Claimant Olumodeji filed a letter on the docket indicating that she had received notice and requesting an extension of sixty days after the expiration of the original thirty-five-day deadline to file a claim. *See* Dkt. No. 10. Magistrate Judge Stewart issued a text order on May 7, 2024, extending Claimant Olumodeji's deadline to file a response to the complaint to June 28, 2024. *See* Dkt. No. 11.

On July 24, 2024, the Government applied for entry of default by the Clerk of the Court, which was entered on the following day. *See* Dkt. Nos. 14, 15. On July 29, 2024, the Government filed its motion for default judgment. *See* Dkt. No. 16. As part of its service on Claimants, the Government included a copy of the notice on the docket dated July 29, 2024, setting the motion response hearing deadline for August 19, 2024. *See* Dkt. No. 17. The certificate of service filed on July 29, 2024, states that the motion papers were mailed to Claimant Adekoya at his place of incarceration and to his attorney, and to Claimant Olumodeji at her last known address. *See id.*

On July 31, 2024, the Court issued a text notice setting the response deadline as August 12, 2024. The text notice further directed the Government to serve potential claimants with a copy of the text notice, along with all motion papers. The Government's certificate of service dated July 31, 2024, indicates that the Government served the text notice and motion papers as directed on Claimants. *See* Dkt. No. 18. No claim was filed, timely or otherwise, by Claimants, or any other party. As such, on September 27, 2024, the Court issued the final order of forfeiture, forfeiting the Defendant Properties to the United States, and ordering the entry of a judgment of default. *See* Dkt. No. 19. Judgment of default was entered that same day. *See* Dkt. No. 20.

On October 9, 2024, Claimants filed a motion to set aside the default under Rule 55(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 21. Because default judgment had already been entered, the Court construed Claimants' motion as being made pursuant to Federal Rule of Civil Procedure 60(b), and on April 22, 2025, the Court denied the motion in its entirety. *See* Dkt. No. 24. Specifically, the Court held that Claimants' conclusory assertions were insufficient to justify relief under any of the applicable provisions of Rule 60(b). *See id.* at 5-8.

Following the Court's denial of Claimants' first motion to set aside the default judgment, Claimant Adekoya filed three motions for the return of property, *see* Dkt. Nos. 27, 30, 34, a second motion to set aside judgment, *see* Dkt. No. 32, and two additional motions seeking various, non-substantive relief, *see* Dkt. Nos. 39, 41.  In addition, the Government filed a motion for a more definitive statement in response to Claimant Adekoya's first motion for return of property.  *See* Dkt. No. 28.

As set forth below, all pending motions are denied, and no additional motions submitted by Claimants will be considered by the Court.

### III. DISCUSSION

**A.  Motions for Return of Property**

As noted, Claimant Adekoya has filed three motions seeking the return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  *See* Dkt. Nos. 27, 30, 34.  In his motions, Claimant Adekoya notes that this civil *in rem* forfeiture action "pertains only to property expressly listed in the forfeiture complaint.  Items not named therein were not the subject of forfeiture and cannot be lawfully retained under its authority." Dkt. No. 30 at 4.  Attached to his first motion, Claimant Adekoya included seventy-three pages of pictures of the items seized from his New Jersey residence during the execution of the search warrant on December 12, 2023, in the underlying criminal matter.  *See* Dkt. No. 27 at 7-80.

Claimant Adekoya brings these motions pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  This action, however, is a civil forfeiture action, governed by the Federal Rules of Civil Procedure.  As such, any motion under Rule 41(g) of the Federal Rules of Criminal Procedure needed to be brought in the underlying criminal matter, not this civil forfeiture proceeding.  *See United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005).

Moreover, to the extent that Claimant Adekoya is seeking the return of items that were subject to judicial forfeiture in this action, the proper vehicle for doing so is a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *See id.*; *see also De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006); *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996). Courts have found that the existence of a pending forfeiture proceeding "'affect[s] a trial court's discretion to grant or retain [Rule 41(g)] equitable jurisdiction'" and such motions "will be dismissed for want of equity if the moving party has an adequate remedy otherwise or if he cannot show irreparable injury." *Caracas Int'l Banking Corp. v. United States*, 670 F. Supp. 2d 142, 146-47 (D.P.R. 2009) (citations omitted). And "[c]ivil forfeiture proceedings have been found to provide an adequate remedy at law for matters raised in motions filed pursuant to Rule 41(g)." *Id.* at 147 (citations omitted) (citing *De Almeida*, 459 F.3d at 382); *Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir. 1989). Finally, where, as here, criminal proceedings against the movant have been completed, the movant may commence a new civil action seeking the return of property that was not otherwise subject to forfeiture. *See United States v. Sash*, 581 F. Supp. 2d 647, 649 (S.D.N.Y. 2008) (citations omitted). Accordingly, the Court denies Claimant Adekoya's motions brought under Rule 41(g) for these various reasons. Additionally, having denied Claimant Adekoya's motions for the return of seized property, the Government's motion for a more definite statement (Dkt. No. 28) is denied as moot.

### B. Rule 60(b) Motion

#### 1. Standard of Review

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

> neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  In general, "a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citation omitted).  "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]"  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted).

### 2. Rule 60(b)(1)

Rule 60(b)(1) provides for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  In deciding whether relief under Rule 60(b)(1) is warranted, the Second Circuit has identified "four non-exclusive equitable factors that 'determin[e] what sorts of neglect will be considered "excusable."'"  *William v. City of New York*, 727 Fed. Appx. 30, 31 (2d Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.P'ship*, 507 U.S. 380, 395 (1993)).  Those four factors are: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* (citation omitted).  Of these four considerations, the Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is the reason for the delay.  *See In re Enron Corp.*, 419 F.3d 115, 122-23 (2d Cir. 2005).

In his motion, Claimant Adekoya[1] contends that he satisfies the criteria for relief under Rule 60(b)(1) because (1) "Claimant['s] failure to respond was due to improper service and lack of access to law library"; (2) "Claimant promptly filed this motion upon becoming aware of the judgment, demonstrating a commitment to participate in the proceedings"; (3) "[t]he government will not suffer undue prejudice by vacating the default judgment, as this is an early state of litigation, and the forfeiture action remains unresolved"; (4) "Claimant has consistently acted in good faith and has not attempted to delay or avoid these proceedings"; and (5) a meritorious defenses exists. Dkt. No. 32 at 10.

As the Government notes, Claimant Adekoya's "submission offers little more than a rehashing of [his] previously-rejected Rule 60(b) motion," which this Court previously rejected. Dkt. No. 40 at 2; *see also* Dkt. No. 24. Claimant Adekoya's conclusory recitation of the various factors considered in motions under Rule 60(b)(1) is insufficient to warrant relief. Moreover, the conclusory assertions are belied by the record. For example, Claimant Adekoya claims that he failed to respond due to improper service. *See* Dkt. No. 32 at 10. However, as discussed above, on April 19, 2024, the Government filed a certificate of service of the amended complaint showing that it had mailed copies of the amended verified complaint for forfeiture *in rem*, the verified complaint for forfeiture *in rem*, the warrant for arrest of articles *in rem*, the notice of potential claimant, and the Individual Rules and Practices of the Hon. Mae A. D'Agostino to Claimant Adekoya at his place of incarceration at the Albany County Correctional Facility, and to his attorney in the related criminal matter, Scott W. Iseman. *See* Dkt. No. 7. The certificate of

---

[1] Although this motion initially asserts that it is being brought by both Claimants, the substance of the motion makes clear that it is being submitted solely by Claimant Adekoya. Whether the motion is considered brought by both Claimants or solely Claimant Adekoya would not alter the Court's decision to deny the relief request.

7

service further showed that the Government mailed the same items to Claimant Olumodeji at her last known address. *See id.* Similarly, on July 29, 2024, the Government filed a certificate of service noting that its motion for default judgment had been served on Claimants and Claimant Adekoya's criminal attorney in the same manner, and Claimants were thereafter notified of the response deadline of August 12, 2024. *See* Dkt. Nos. 17, 18. Nothing about this service was improper, and Claimant Adekoya submits no evidence suggesting that he did not actually receive notice of these filings.

Moreover, Claimant Adekoya previously acknowledged that he was aware of the default judgment entered on August 26, 2024, yet he again fails to explain why he waited until October 9, 2024, to file his first motion to set aside the judgment. Similarly, this Court denied his initial motion on April 22, 2025, yet Claimant Adekoya waited until September 9, 2025, to file his second motion and provides no explanation for such an unwarranted delay.[2]

Because Claimant Adekoya has failed to provide any substantive information explaining the nature of the "mistake, inadvertence, surprise, or excusable neglect," he has failed to meet his burden under Rule 60(b)(1). FED. R. CIV. P. 60(b)(1).

### 3. Rule 60(b)(2)

To prevail on the grounds of newly discovered evidence under Rule 60(b)(2), the movant must establish that

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding; (2) the movant must have been justifiably ignorant of them despite due diligence; (3) the evidence must be admissible and of such importance that it probably would have changed the outcome; and (4) the evidence must not be merely cumulative or impeaching.

---

[2] Trial in the related criminal matter concluded on June 25, 2025.

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146-47 (2d Cir. 2020) (citation omitted).  To qualify as "new evidence" under Rule 60(b)(2), the movant must present evidence that is "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 Fed. Appx. 76, 81 (2d Cir. 2012) (summary order) (citing *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)).

In his motion, Claimant Adekoya claims that "[t]he newly discovered evidence consists of financial records and other documents directly related to the property involvement or lack thereof in criminal activities alleged in the forfeiture action.  This evidence refutes the Government's claims that the property was involved in activities covered by §§ 981(a)(1)(A) or (a)(1)(C)."  Dkt. No. 32 at 12.  Further, Claimant Adekoya argues he "made diligent efforts to gather all relevant evidence prior to the entry of judgment, including attempts to obtain records, however this evidence became accessible only after the judgment due to unavailability of records." *Id.*

As the Government notes, Claimant Adekoya fails to explain what newly discovered evidence he intends to present, beyond saying that it "consists of financial records and other documents directly related to the property involvement or lack thereof in criminal activities alleged in the forfeiture action." *Id.*; *see also* Dkt. No. 40 at 2.  This conclusory description of the allegedly newly discovered evidence is insufficient to establish that the evidence was of such importance that it probably would have changed the outcome.  *See Gibson v. Wise*, 331 F. Supp. 2d 168, 170 (E.D.N.Y. 2004) (denying motion under Rule 60(b)(2) where the plaintiff failed to submit the alleged newly discovered evidence or otherwise explain its materiality).

Accordingly, the Court denies Claimant Adekoya's motion insofar as he seeks relief under Rule 60(b)(2).

### 4. Rule 60(b)(3)

Rule 60(b)(3) provides for relief from a judgment on the basis of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, a movant must show, among other things, "that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (citations omitted).

In his motion, Claimant Adekoya argues that he is entitled to relief under Rule 60(b)(3) because "the Government misrepresented facts regarding the bank deposits" and "presented financial records that inaccurately depicted the source of funds as proceeds of unlawful activity." Dkt. No. 32 at 13. Further, Claimant Adekoya contends that "the Government's actions, including obscuring relevant transaction[] dates of financial connections to funds derived from bank fraud in the Northern District of New York . . . prevented [him] an opportunity from fully presenting the case against forfeiture." *Id.* at 14.

The Government, in its response, appropriately relies on the most recent case law on this issue, which the Court also turns to. *See* Dkt. No. 40 at 2. "While the Second Circuit has never addressed the precise meaning of 'misconduct' as used in Rule 60(b)(3), it has held that the moving party, to be entitled to relief, must prove the opposing party's misconduct by 'clear and convincing evidence.'" *Adidas Am., Inc. v. Thom Browne, Inc.*, 742 F. Supp. 3d 352, 363 (S.D.N.Y. 2024) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). As this Court held in denying the first motion under Rule 60(b), Claimant Adekoya's "threadbare allegations of misconduct come nowhere close to meeting his burden of proffering clear and convincing evidence." Dkt. No. 40 at 2 (citing Dkt. No. 24 at 6; *In re Mader*, 661 B.R. 1, 16

10

(E.D.N.Y. 2021) (affirming denial of Rule 60(b)(3) motion because the movant's arguments "consist[ed] of wholly conclusory and unsupported claims of misconduct"); *Resource Grp. Int'l Ltd. v. Chishti*, 794 F. Supp. 3d 234, 238 (S.D.N.Y. 2025) (denying the defendant's Rule 60(b)(3) motion because the "belated and conclusory assertions hardly constitute clear and convincing evidence that [the plaintiff] engaged in fraud or misconduct before this Court")).

Accordingly, the Court denies Claimant Adekoya's motion insofar as he seeks relief under Rule 60(b)(3).

### 5. Rules 60(b)(4)-(6)

"A judgment is not voidable under Rule 60(b)(4) merely because it is erroneous." *Nat'l Acad. of Television Arts and Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 23-7952, 2025 WL 400212, *2 (2d Cir. Feb. 5, 2025). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Rule 60(b)(5) provides that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding" when, as applicable here, "applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). As the Second Circuit has explained, the prospective application clause of Rule 60(b)(5) is rooted in the "traditional power of a court of equity to modify its decree in light of changed circumstances." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (citation omitted). "That a court's action has continuing consequences . . . does not necessarily mean that it [applies prospectively] for the purposes of Rule 60(b)(5)." *Id.* (citation omitted). "Such a broad interpretation of this provision would render the word 'prospectively' superfluous and eviscerate the principle of finality." *Id.*

11

Rule 60(b)(6) provides for relief from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief"). In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. *See Buck v. Davis*, 580 U.S. 100, 123 (2017). These circumstances may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864.

Moreover, "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This . . . is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 528 (2022). "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens*, 676 F.3d at 67-68 (citation omitted).

In his motion, Claimant Adekoya seeks to void the judgment under each of these provisions. His arguments are essentially that (1) the Defendant Properties are not substantially connected to the crimes of bank fraud conspiracy and money laundering; and (2) that venue in this district is improper. *See* Dkt. No. 32 at 14-39.

Claimant Adekoya is incorrect that the Defendant Properties are not substantially connected to the crimes set forth in the amended complaint. The amended complaint details Claimant Adekoya's conspiracy to commit bank fraud and money laundering and connects each of

12

the Defendant Properties to those schemes. *See* Dkt. No. 6-1 at ¶¶ 8-135.[3] As such, the amended complaint demonstrates that the Defendant Properties are substantially connected to the violations of federal law, and Claimant Adekoya's arguments to the contrary are without merit.

Claimant Adekoya's arguments concerning jurisdiction and venue do not warrant vacating the judgment. He argues that the Government was required to connect every single item subject to forfeiture to a fraudulent transaction in this District. *See* Dkt. No. 32 at 20-24. The Government correctly notes "[t]hat is not the standard." Dkt. No. 40 at 3. As explained, the amended complaint sufficiently relates each of the Defendant Properties to the bank fraud conspiracy that included numerous overt acts in this District. *See* Dkt. No. 6-1 at ¶¶ 8-135. "A forfeiture action or proceeding may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred[.]" 28 U.S.C. § 1355(b)(1)(A).[4]

Accordingly, the Court finds that Claimant Adekoya has failed to establish that he is entitled to relief under Rules 60(b)(4), (b)(5), or (b)(6), and these portions of his motion are denied.

### IV. CONCLUSION

---

[3] At the time the amended complaint was filed, Claimant Adekoya's criminal charges were still pending. He has since been convicted of the alleged bank fraud conspiracy and money laundering. *See United States v. Adekoya*, 23-CR-491, Dkt. No. 698. Throughout that case, Claimant Adekoya repeatedly argued that venue was not appropriate in this district. This Court rejected that argument, as did the jury.

[4] The Government states in a footnote that "[a]lthough it is not pled in the amended complaint, venue is also appropriate in the Northern District of New York because the subject properties are currently located in this district." Dkt. No. 40 at 3 n.1. 28 U.S.C. § 1395(c) provides that "[a] civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought." 28 U.S.C. § 1395(c); *see also* 28 U.S.C. § 1355(b)(1)(B). However, there are no allegations that the Defendant Properties were "seized outside *any* judicial district." Rather the amended complaint alleges the Defendant Properties were seized from Claimant Adekoya's apartment in New Jersey. *See* Dkt. No. 6.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Claimant Adekoya's three motions for return of property (Dkt. Nos. 27, 30, 34) are **DENIED**; and the Court further

**ORDERS** that Claimant Adekoya's second motion to set aside the judgment (Dkt. No. 32) is **DENIED**; and the Court further

**ORDERS** that Claimant Adekoya's two motions inquiring as to the status of this matter (Dkt. Nos. 39, 41) are **DENIED** as moot; and the Court further

**ORDERS** that the Government's motion for a more definitive statement (Dkt. No. 28) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[5]

**IT IS SO ORDERED.**

Dated: March 2, 2026
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[5] Claimant Adekoya has been afforded considerable special solicitude in this matter in light of his pro se status. The Court has now issued two separate orders denying Claimant Adekoya's multiple motions seeking to vacate the default judgment entered in this case. No additional motions will be considered by the Court. Any future relief must be sought on appeal to the Second Circuit Court of Appeals should Claimant Adekoya determine that an appeal is warranted in this matter. Any new motions seeking substantive relief will be summarily stricken from the docket, without further order of the Court.